IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) DAWN SCOGGIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | COMPLAINT |
| (1) RETRIEVAL-MASTERS CREDITORS BUREAU, | ) | (Unlawful Debt Collection Practices) |
| INC. D.B.A. AMERICAN MEDICAL COLLECTION | ) | |
| AGENCY D.B.A. AMCA | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | | |

## COMPLAINT

NOW COMES Plaintiff, Dawn Scoggin, and for her Complaint against Defendant, Retrieval-Masters Creditors Bureau, Inc. doing business as American Medical Collection Agency also doing business as AMCA ("AMCA"), alleges as follows:

### INTRODUCTION

1. Plaintiff states a claim against Defendant AMCA for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978.

2. Congress stated its findings and purpose of the FDCPA:

(a) **Abusive practices**

> There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) **Inadequacy of laws**

> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Available non-abusive collection methods**

> Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) **Interstate commerce**

> Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) **Purposes**

> It is the purpose of this title to *eliminate* abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

4. Defendant conducts business in the state of Oklahoma; therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person who resides in Tulsa, County of Tulsa, Oklahoma.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and

according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Elmsford, New York.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. On or about August 13, 2015, defendant AMCA placed a phone call to Plaintiff regarding an alleged medical debt. Plaintiff requested that Defendant send her more information regarding the debt. A few days later, Plaintiff received a letter from Defendant AMCA regarding a debt allegedly owed to "Clinical Pathology." See Exhibit 1.

12. Although Plaintiff did not recognize this creditor, Plaintiff had no way to pay the amount sought by Defendant AMCA. On August 20, 2015, Plaintiff sent Defendant a letter stating that she refused to pay them further to 15 U.S.C. §1692c(c). Defendant received Plaintiff's letter on August 25, 2015. A copy of the letter sent by Plaintiff, and United States Post Office return receipt showing Defendant's acceptance is attached as Exhibit 2.

13. However, despite receiving Plaintiff's notice, instead of ceasing communication as it was required to do by law, Defendant continued its collection efforts and sent a further communication attempting to collect the alleged debt to Plaintiff on October 5, 2015. The copy of this letter is attached as Exhibit 3.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

14. Defendant violated the FDCPA. Specifically, Defendant violated §1692c(c) of the FDCPA by communicating with Plaintiff's after receiving a written letter from Plaintiff that he refused to pay the alleged debt.

**WHEREFORE**, Plaintiff, Dawn Scoggin, respectfully prays that judgment be entered against Defendant, Retrieval-Masters Creditors Bureau, Inc. doing business as American Medical Collection Agency also doing business as AMCA, for the following:

a)   Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

b)   Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

c)   Any other relief that this court deems to be just and proper.

Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591


PARAMOUNT LAW
CONSUMER PROTECTION FIRM

4835 S. Peoria Ave., Suite 1
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
1854@paramount-law.net